PER CURIAM.
This case involved a dispute and complications erupting from the attempted sale and use of certain improved real estate.
*872 We have considered the appellants’ points on appeal, the briefs, and the record and oral presentations, all with care. We are judicially persuaded that Appellants’ Points 1, 2 and 4 are without merit, as are Appellees’ Points S, 6 and 7, and that no error therein or thereby has been demonstrated and that discussion of them is not warranted.
We have a different view as to Appellants’ Point 3. “The Court erred in setting the measure of damages to plaintiff in Count IV.” It clearly and manifestly appears that plaintiffs’ property was used by the Elks from July 26, 1967, to February 1, 1971, a period of about forty-two months, and that plaintiffs were entitled to recover a reasonable rental for this period.
The court in the appealed judgment allowed a recovery of $12,500, which upon computation would be a monthly rental of about $298 per month for the period in question.
Testimony concerning a reasonable rental value was as follows:
Plaintiffs’ expert witness $800.00 per month
Defendants’ expert witness — no appraisal of the reasonable rental value, although in evaluating the market value, using an “income approach”, he said “It is also felt that the property after renovation could not be leased for over $500 to $600 per month . . .”
A receiver was appointed during the period which began February 1, 1971. The court made an adjudication that a reasonable rental value during the receivership period, based on the above testimony, was $1,000 per month. The court, in reaching this determination, also had before it the fact that there were certain insurance and mortgage payments which had to be made. It is the selfsame evidence that the court used in awarding the rental payment of $298 per month in the final judgment. There was no showing of any difference, any different evidence, or of any change in criteria or circumstances between the time the $1,000 receivership rental was determined and the $298 final judgment rental was reached, so far as we are able to determine from a review of the record.
In sum, we are convinced that either of two situations obtain. Either the award of $12,500 for the period is contrary to the manifest weight of the evidence, or, and most likely, the very able trial judge inadvertently computed a lesser period of time for which plaintiffs are entitled to reasonable rental recompense. We base this latter observation on the colloquy between court and counsel at the time of the hearing on plaintiffs’ motion for new trial.
The proper period of computation began on July 26, 1967, when the certificate of title was issued and plaintiffs became entitled to possession and the right of dominion over the premises, 19 Fla.Jur., Judicial Sales, § 34. In contracts for the sale of land where the vendor defaults and the purchaser has been in possession of the land, the court in returning the purchaser’s amount paid may require him to pay the reasonable rental value for the time of his occupation, 33 Fla.Jur., Vendor and Purchaser, § 167.
We think error has been demonstrated and that the justice of the cause requires the reversal of the judgment and a remand with respectful instruction for the trial court to re-try and re-determine the amount of damages due to plaintiff as a reasonable rental for the period of defendants’ occupancy, all in accord with the views herein expressed.
Reversed and remanded.
WALDEN, OWEN and MAGER, JJ., concur.